IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DRI-STEEM CORPORATION,

        Plaintiff,

   v.

NEP, INC. dba NEPTRONIC, and
NATIONAL ENVIRONMENTAL
PRODUCTS LTD.,

        Defendants.

Case No. 1:14-cv-00194

**ORDER**

CLARKE, Magistrate Judge.

    This matter comes before the court on Plaintiff's Motion to Compel (#45). For the reasons discussed below, Plaintiff's motion is GRANTED and defendant NEP, Inc., dba Neptronic, is ordered to produce the discovery requested.

Page 1 – ORDER

## DISCUSSION

Plaintiff seeks production of documents in the possession and control of parent company National Environmental Products, Ltd. ("National"), via its wholly-owned subsidiary NEP Inc., dba Neptronic ("NEP"). Plaintiff asserts that NEP has custody and control of the requested documents because it can secure them from National to meet its business and litigation needs, as demonstrated by NEP's ability to obtain highly confidential National documents and information at will. (Ex. A, Leach Decl. ¶1). Plaintiff asserts that NEP exclusively assists National in the U.S. sale of the product at issue in this case, (Ex. B), that it stores its documents and information on National's servers in Canada, and that the two companies share a director, as well as phone numbers for technology support, e-mail addresses, and a website. (Ex. E).

On August 14, 2014, the Court held a telephonic status conference with the parties to discuss scheduling matters, a dispute over Local Rule 34, as well this issue regarding the production of documents by the subsidiary defendant NEP. After the conference, the Court issued an Order indicating that it was inclined to order NEP to produce the discovery requested, as it appeared to have access and control over such documents. However, the Court granted NEP the opportunity to brief the matter, and indicated that NEP should submit a written memorandum with any supporting declarations by August 22, 2014 to show why it should not be ordered to produce the discovery. Rather than providing such a memorandum, NEP instead submitted a "Notice of Compliance," together with parent defendant National. The Notice indicated the parties' preference to "jointly supply discovery responses," while "specifically reserv[ing] their respective rights to assert that NEPTRONIC does not have possession and control over a wide range of documents and information which . . . may be in the possession of National Environmental Products, Ltd."

Page 2 – ORDER

This matter is now before the Court on Plaintiff's Motion to Compel (#45). Defendant NEP has already been given an opportunity to brief this issue; however it has not disputed the relevancy of the requested discovery under Rule 26, nor has it provided any argument or evidence to dispute that it has access or control over these documents in order to meet its own business needs, as indicated by Plaintiff's exhibits. See Cooper Industries, 102 F.R.D. at 919. NEP merely provides the conclusory assertion that it does not have possession and control of the documents. The Court therefore declines to allow any further delay on this issue.

The scope of discovery is generally governed by Federal Rule of Civil Procedure ("Rule") 26(b), which permits litigants to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). A party may serve on any other party a request, within the scope of Rule 26(b):

> to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's **possession, custody, or control**: any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

FED. R. CIV. P. 34(a)(1)(A) (emphasis added). As provided in Rule 45, a non-party may also be compelled to produce documents and tangible things or to permit an inspection. See FED. R. CIV. P. 34(c), 45.

Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary. See, e.g., United States v. International Union of

Petroleum and Indus. Workers, 870 F.2d 1450, 1452 (9th Cir.1989) ("A corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls.")  The contrary, however, is not necessarily true.  A subsidiary will be deemed to have possession, custody or control of documents held by its parent company only in certain circumstances. See In re Uranium Antitrust Litigation, 480 F.Supp. 1138, 1152-53 (N.D.Ill.1979).  If, for example, there exist circumstances that indicate some form of "control" by the subsidiary over the documents and information sought – even if the documents or other information are in the possession of the parent – the subsidiary may be required to produce the requested data or at least to make a good faith effort to do so. Id.  Where the relationship is such that the subsidiary can secure documents of the parent to meet its own business needs, courts have not permitted the subsidiary to deny control for purposes of discovery by an opposing party. See e.g., First National City Bank v. Internal Revenue Service, 271 F.2d 616, 618 (2d Cir.1959) (where there is access to the documents when the need arises in the ordinary course of business, there is sufficient control when the need arises because of governmental requirements); Cooper Industries v. British Aerospace Corporation, 102 F.R.D. 918, 919 (S.D.N.Y.1984) (where wholly-owned defendant subsidiary was the marketer and servicer of parent's aircraft in the United States, it was found "inconceivable" that subsidiary could not obtain aircraft manuals and related documents); Compagnie Francaise D'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 35 (S.D.N.Y.1984) (agent organization should be required to produce documents held by its principals).

District courts in this circuit have found that a wholly-owned subsidiary has access and control over documents in the possession of its parent corporation when it markets the products of the parent company, when the two companies share databases dealing with a variety of

documents and records, and when the subsidiary is able to obtain high-level documents from the parent company when it requests them. See Choice-Intersil Microsystems, Inc. v. Agere Sys., Inc., 224 F.R.D. 471, 473 (N.D. Cal. 2004).

In this case, the Court finds that the facts are substantially similar – NEP does not dispute that it exclusively assists in the sale of the National product in the United States, that it shares servers and databases with National, that it shares a director, phone numbers, e-mail addresses, and a website with National, nor does it dispute that it is able to obtain high level or confidential documents from National upon request. Therefore, NEP has sufficient control over the documents and must produce them as requested.

## ORDER

Plaintiff's Motion to Compel Discovery (#45) is GRANTED.

This Order does not resolve or imply that the Court has resolved the issue of whether or not the subsidiary NEP is liable for all acts of parent National. That is an issue properly resolved on a motion for summary judgment at a later time.

Plaintiff's request for attorney's fees regarding this motion is denied at this time, but the Court will reconsider the issue should further formal motion practice over discovery matters prove necessary. The Court is confident, however, that the parties will be able to resolve such matters in the future.

IT IS SO ORDERED and DATED this ___5___ day of September, 2014.

MARK D. CLARKE
United States Magistrate Judge